IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JULIE EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No. 2:19-cv-00258 |

**COMPLAINT**

Plaintiff, Julie Edwards ("Julie"), through undersigned counsel, for her Complaint against Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), alleges as follows:

PARTIES

1. Julie maintains a primary residence and is domiciled in Hallsville, Harrison County, Texas, and is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

2. Liberty is a corporation organized under the laws of the State of New Hampshire that maintains its principal place of business in the Commonwealth of Massachusetts. Liberty is a citizen of both New Hampshire and Massachusetts within the meaning and intent of 28 U.S.C. § 1332. Liberty is an insurer that underwrites accidental death and dismemberment ("AD&D") insurance and acts as the claims administrator for the Christus Health group AD&D plan.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

4. Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district as Defendant breached the promise to pay benefits owed to Plaintiff in this judicial district.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Julie was employed by Christus Health and was an eligible participant in its group life insurance and AD&D program.

6. The AD&D insurance coverage for Christus Health employees under the group plan was provided by Liberty Life under its Group Life Insurance Policy number SA3-890-460617-01 (the “Policy”).

7. Julie elected dependent AD&D insurance coverage on Wyatt Edwards (“Wyatt”), her son.

8. Wyatt died in a single vehicle accident in Harrison County, Texas on January 6, 2018. The official state police accident report indicated that Wyatt, a teenager, was attempting to stand on the vehicle’s running boards while the vehicle was still in motion. He lost his footing and fell from the vehicle, sustaining a fatal head injury from the impact with the roadway.

9. All premiums for the elected coverage were paid through Wyatt’s date of death.

10. Wyatt’s death was ruled an accident by forensic pathologist Robert E. Lyon, D.O. with Forensic Medical Management Services in Tyler, Texas, and certified by the Honorable Clarice Watkins, Precinct #2, Harrison County, Texas.

11. The cause of death following an autopsy was listed as "Fracture of skull with contusion of brain due to blunt impact to head." The manner of death was determined to be an "accident." The toxicology performed by Texas DPS Crime Law revealed Wyatt had a blood alcohol concentration (BAC) of 0.038%, well below the legal limit to be presumed intoxicated per Texas Penal Code § 49.01(2)

12. Liberty Life represented in the Policy that is would pay the scheduled benefits when "a Covered Employee suffers a loss solely as the result of an accidental injury that occurs while covered." The Policy defines the term Injury as "bodily impairment resulting directly from an accident and independently of all other causes."

13. Shortly after Wyatt's accident, Julie filed a proof of loss with Liberty Life, and requested the benefits to which she was entitled under the Policy.

14. Liberty Life denied the AD&D claim in a letter dated August 8, 2018, alleging that Wyatt's death was caused or contributed to by intentionally self-inflicted injuries, and that his death was not accidental. Liberty Life reasoned that Wyatt subjectively expected serious bodily injury or death to occur as a result of his actions because "under no circumstances would voluntary exiting a moving car be deemed a reasonable action."

15. The Policy excludes from coverage any loss that is contributed to or caused from "intentionally self-inflicted injuries, while sane or insane."

16. Liberty Life denied Julie's claim on the basis that Wyatt's death was not accidental under a two-part test that looks to the injured person's expectation that an injury similar in type or kind would occur, and whether or not that expectation was reasonable.

17. Liberty Life concluded that a reasonable person, with background and characteristics similar to Wyatt's, would have seen serious bodily injury or death as highly likely to occur.

18. However, by adopting this standard, Liberty Life completely disregarded the fact that Wyatt was a teenager in Hallsville, Texas whose peers admitted to doing the same thing.

19. Julie appealed the denial decision on September 12, 2018, pointing out that Wyatt had no subjective intent to harm himself and that there is nothing patently unreasonable about an 18-year-old kid expecting to survive standing on his running board while his truck was in motion, particularly when he had done so before without incident.

20. Liberty Life issued a final appeal denial on January 16, 2019, disregarding evidence that Wyatt's death was solely the result of an "accidental injury" and not caused or contributed to or by intentionally self-inflicted injuries.

21. An ERISA claimant's administrative remedies are "deemed exhausted" once all rights to appeal under the Plan have been exhausted, so the claimant may then file a civil action. 29 C.F.R. § 2560.503-1.

22. Accordingly, due to Liberty Life's denial of Julie's appeal, her administrative remedies are deemed exhausted, and her claim is ripe for litigation.

## CLAIM FOR RELIEF FOR ERISA BENEFITS, PREJUDGEMENT AND POSTJUDGEMENT INTEREST, ATTORNEYS' FEES AND COSTS (29 U.S.C. § 1132(a)(1)(B))

23. Plaintiff incorporates by reference all preceding paragraphs 1 through 22 as though fully set forth herein.

24. The denial of Julie's claim for AD&D benefits under the group plan was an improper abuse of discretion, in that Julie paid all necessary premiums through the date of Wyatt's death, and his death did not fall within a proper exclusion.

25. At all times, Julie performed all obligations on her part to be performed pursuant to the terms of the group plan.

26. As a result of the conduct and failures of Liberty Life, Julie has been denied the AD&D benefits, and has been damaged in the amount of the unpaid insurance proceeds, plus interest.

27. Liberty Life has been unjustly enriched by retention of all premiums and retention of the AD&D benefits properly owed to Julie. Liberty Life has also unjustly benefitted by putting itself in the position of accepting and enjoying the benefits of AD&D insurance premiums for coverage paid by or on behalf of Wyatt, while purportedly retaining the right to unilaterally deny any claim for benefits under the said coverage.

28. Liberty Life has also been unjustly enriched to the extent it has realized profits on the monies it refuses to pay to Julie.

29. Julie is entitled to recover said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

30. As a further direct and proximate result of the conduct of Liberty Life, Julie, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), she is entitled to have such fees and costs paid by Liberty Life.

31. Following the denial of benefits, when Liberty Life denied Julie's administrative appeal, her administrative remedies required under ERISA were deemed exhausted, and she has performed all duties and obligations on her part to be performed under the group plan.

## PRAYER FOR RELIEF

WHEREFORE, Julie prays for relief against Liberty Life as follows:

a) Payment of the AD&D benefits in such amount as she is due, plus interest, or if that is unavailable, then equitable relief by way of a finding of waiver, estoppel or surcharge;

b) Separate and apart from the benefits under the group plan, Plaintiff seeks disgorgement of any profits Liberty Life may have realized by the wrongful retention of such benefits;

c) Enforcement of Plaintiff's rights under the terms of the group plan;

d) Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

e) For payment of prejudgment and post-judgment interest as allowed for under ERISA; and

f) For such other and further relief as this Court deems just and proper.

DATED this 30th day of July, 2019.

Respectfully submitted,

*/s/ Michael J. Hoover*

Michael J. Hoover
LA Bar No. 35497
Interpleader Law, LLC
9015 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Phone: (225) 246-8706
Email: michael.hoover@interpleaderlaw.com
Attorney for Plaintiff, Julie Edwards